IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BASHIR SHEIKH, M.D.,

                        Plaintiff,                      OPINION AND ORDER

    v.

                                                    11-cv-1-wmc

GRANT REGIONAL HEALTH CENTER,

                        Defendant.

---

      In his second amended complaint, plaintiff Bashir Sheikh raises numerous claims arising from the termination of his employment by the defendant Grant Regional Health Center. Before the court pursuant to Federal Rule of Civil Procedure 12(b)(6) is defendant's partial motion to dismiss the following claims: (1) intentional infliction of emotional distress and (2) negligent infliction of emotional distress. (Dkt. #50.) Because plaintiff meets the requisite pleading standard for both claims, the court will deny defendant's motion.

PRELIMINARY MATTERS

      While this motion has been pending, a number of other motions have been filed concerning the court's scheduling order and plaintiff's counsel's request to withdraw, which the court will address before turning to the motion to dismiss.

      *First*, plaintiff appeals Magistrate Judge Crocker's denial of his motion to reconsider the denial of a motion to amend the scheduling order, seeking an extension of the expert disclosure deadlines by 45 days. (Dkt. #63.) On February 1, 2012, Judge

Crocker issued an amended pretrial conference order establishing new deadlines, including a deadline of April 6, 2012 for plaintiff's disclosure of expert witnesses. (Dkt. #48.) This amendment was made at the request of plaintiff, who filed a motion for leave to amend the pretrial order on January 13, 2012, the date on which expert disclosures were due. (Dkt. #42.)

Nevertheless, plaintiff appeals Judge Crocker's motion for reconsideration. "The purpose of a motion to reconsider is narrow and limited to bringing the court's attention to manifest errors of law or fact or newly discovery evidence.' *Sunbeam Prods., Inc. v. Homedics, Inc.*, No. 08-cv-376-slc, 2009 WL 2045221, at *1 (W.D. Wis. July 6, 2009). In the motion to reconsider, plaintiff simply reiterates, albeit in more detail, the same arguments made in the first motion. Judge Crocker's denial of that motion was sound and the court will not upset it.

Even if the court were to review Judge Crocker's decision denying the original motion to amend the scheduling order, the court would still affirm. In the original motion to Judge Crocker, in the motion to reconsider, and in the present motion appealing Judge Crocker decisions, plaintiff's counsel reiterates his reason for the requested extension -- plaintiff had to obtain medical board records before he could name an expert. What is glaringly missing from all of plaintiff's submissions, however, is any evidence that plaintiff was diligent seeking those medical records. Indeed, defendant represents that plaintiff could have sought discovery of the medical records from defendant itself, but failed to do so. (Def.'s Opp'n to Mo. to Reconsider (dkt. #61) 2.) Absent such a representation, there is no basis for finding good cause to amend the

2

scheduling order since it would necessarily require a showing of diligence. Accordingly, Judge Crocker's orders (dkt. ##59, 62) are affirmed and plaintiff's request for a further extension to name an expert is denied.

*Second*, after filing the appeal of Judge Crocker's decision and after defendant timely filed its motion for summary judgment, plaintiff's counsel Attorneys Brian H. Mahany and Jason Canfield and their law firm Mahany & Ertl filed a motion to withdraw as counsel, as well as for extensions of time to respond to the summary judgment decision and to complete discovery. (Dkt. #75.) Sheikh filed a response to his counsel's motion, which appears at least not to oppose the withdrawal, and in which he also requests an extension of the deadline for his opposition brief to defendant's motion for summary judgment. Putting aside the briefing schedule issue, the motion to withdraw as counsel and the subsequently-filed declaration of Brian Mahoney -- in addition to Sheik's own response -- all demonstrate that plaintiff's counsel's representation of Sheikh is no longer viable under the Wisconsin Rules of Professional Conduct. Accordingly, the court will grant the motion to withdraw. Counsel, however, must provide plaintiff with a copy of this order, as well as a written reminder of all impending deadlines as amended by this order.

*Third*, in addition to plaintiff's motion for an extension of time to respond to defendant's motion, and Sheik's later reiteration of this request, Sheik filed a request for extension of timing on all the relevant dates due to a family emergency. (Dkt. #79.) In his June 1st motion and accompanying affidavit, Sheikh represents that his father is ill and that he is now in India, with a planned return to the United States on June 19,

3

2012. (*Id.*; *see also* dkt. #80.) This despite the fact that plaintiff's opposition brief to defendant's motion for summary judgment was due on June 11, 2012.

Understandably, defendant opposes any further requests for extensions of time, arguing persuasively that plaintiff has repeatedly sought to delay this case. While the court is sympathetic to defendant's argument, which the record largely supports, it will nonetheless allow for a brief extension of the deadline to allow Sheikh to prepare his *pro se* opposition to defendant's motion upon his return to the United States. Plaintiff's opposition is due on or before July 16, 2012. **No further extensions will be granted to plaintiff for *any* reason. Plaintiff should plan accordingly.** Defendant's response, if any, will be due on or before July 26, 2012.

## ALLEGATIONS OF FACT

The facts of this case have already been recounted in detail in the court's order granting in part and denying in part defendant's first motion to dismiss. (Dkt. #30.) For the purposes of deciding defendant's motion, the following additional information is relevant.[1]

In its November 3, 2011 opinion and order, this court concluded that the Wisconsin Workers Compensation Act does not apply to tort injuries caused by defendant after plaintiff's employment ended. On January 30, 2012, the court granted plaintiff's motion to reintroduce intentional infliction of emotional distress as a separate

---

[1] The court accepts as true all well-pleaded facts and allegations in the complaint, drawing all reasonable inferences in favor of plaintiff. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010); *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

cause of action in his amended complaint, so long as "[the] claim is limited to post-termination conduct." (Dkt. #46.) In his amended complaint, Sheikh alleges that Grant Regional Health Center ("Grant Regional") disclosed information about him to the National Practitioner Data Bank ("NPDB") that it knew to be false with the intent to cause him emotional distress. (Second Am. Compl. (dkt. #49) ¶ 44.) Sheikh further alleges that Grant Regional had a duty to provide accurate information to the NPDB. By providing false information to the NPDB, Sheikh alleges Grant Regional's conduct was negligent, extreme and outrageous. Moreover, Grant Regional's conduct has allegedly made it impossible for Sheikh to find new employment and has caused him to suffer severe emotional distress. (*Id.* at ¶¶ 45-49).

OPINION

Under Rule 12(b)(6), dismissal is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[Rule 8] reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009).

A. **Intentional Infliction of Emotional Distress Claim**

To maintain a claim for intentional infliction of emotional distress, plaintiff must establish: (1) that the defendant's conduct was intended to cause emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) that the plaintiff suffered an extreme disabling emotional response to the defendant's conduct. *Rabideau v. City of Racine*, 2001 WI 57, ¶ 33, 243 Wis. 2d 486, 627 N.W.2d 795 (citing *Alsteen v. Gehl*, 21 Wis. 2d 349, 359-60, 124 N.W.2d 312, 318 (1963)). Grant Regional maintains that the plaintiff has failed to allege adequately (1), (2) and (4). The court addresses each of these elements in turn.

*First,* defendant challenges Sheikh's allegation as to defendant's intent. In response, Sheikh argues that by publishing statements to the NPDB that it knew to be false, Grant Regional's intent could *only* be to cause plaintiff emotional distress. Defendant responds that it is unreasonable for the court "to infer an intent to cause *emotional* harm from knowledge that an action could cause [financial harm]." (Def.'s Reply Br. in Supp. of its Partial Mot. to Dismiss (dkt. #55) 3) (emphasis in original). Based on this reasoning, defendant essentially asserts the opposite of plaintiff: that making disparaging statements about a former employee to a national database knowing it may restrain a person's ability to acquire future employment, *only* demonstrates an intent to cause financial harm. Neither extreme is correct. Based on defendant's alleged conduct, a jury could, though may not, reasonably infer that defendant's actions were at least in part for the purpose of causing plaintiff emotional harm. *See McKissick v.*

*Schroeder*, 70 Wis. 2d 825, 832, 235 N.W.2d 686 (1975). ("An intent to cause emotional distress can reasonably be inferred from actions.") At this stage, it is only necessary for plaintiff to plead facts that state a claim to relief that is plausible. *Ashcroft*, 556 U.S. at 678.

*Second*, the defendant challenges Sheikh's allegation that Grant Regional's conduct was extreme and outrageous. Extreme and outrageous conduct is "the most important issue in stating or proving a cause of action for emotional or mental distress." I *The Law of Damages in Wisconsin*, § 6.17 (Russell M. Ware ed., 5th ed. 2010). In his amended complaint, Sheikh alleges that Grant Regional's reporting of false information to the NPDB and blacklisting of him was extreme and outrageous. Defendant argues that this conduct does not clear the high bar set by prior caselaw of extreme and outrageous conduct.

In *Alsteen v. Gehl*, the Wisconsin Supreme Court expounded on what is meant by extreme and outrageous conduct. "The average member of the community must regard the defendant's conduct in relation to the plaintiff, as being a complete denial of the plaintiff's dignity as a person." *Alsteen v. Gehl*, 21 Wis. 2d 349, 359-60, 124 N.W.2d 312, 318 (1963). Requiring this type of conduct "will avoid litigation in the field of bad manners, where relatively minor annoyances had better be dealt with by instruments of social control other than law." *Alsteen,* 21 Wis. 2d at 360, 124 N.W.2d at 318 (quotation marks and citation omitted).

While a closer question, the court finds that Sheikh has alleged sufficient facts, when viewed in a light most favorable to plaintiff, to permit a reasonable jury to find

7

substantially more than a "minor annoyance" or mere "bad manners." Indeed, if proven, Sheikh's allegations of deliberate acts to sabotage his prospects of employment across the country fall easily within the type of behavior that other courts have found to be extreme and outrageous. *See Gianoli v. Pfleiderer*, 209 Wis. 2d 509, 524, 563 N.W.2d 562, 567 (Ct. App. 1997) (finding defendants' attempts to derail the refinancing of plaintiff's home by sending negative and unflattering information to the plaintiff's lenders satisfied the requirement of "extreme and outrageous conduct"); *Wright v. Hasley*, 86 Wis. 2d 572, 574, 273 N.W.2d 319, 320 (1979) (concluding that a cleaning woman in the plaintiff's home who allegedly removed various documents from plaintiff's purse, eavesdropped on the plaintiff's conversations and relayed the information to others engaged in conduct that could be construed as extreme and outrageous); *Doe v. Saftig*, No. 09-C-1176, 2011 WL 1792967, at *17 (E.D. Wis. May 11, 2011) ("a reasonable jury could find the disclosure of medical and financial information to coworkers to be extreme and outrageous").

In contrast, defendant argues that *Embiata v. Marten Transport, Ltd.*, 574 F. Supp. 2d 912 (W.D. Wis. 2007), mirrors the allegations in this case. In *Embiata*, defendant ordered plaintiffs, who were employees of defendant's truck driving business, to take their truck to a facility for repairs. The repair shop found a can of beer in the truck and notified defendant who subsequently fired plaintiffs. Defendant and the repair shop were alleged to be involved in a conspiracy to fire plaintiffs because of their race, including orchestrating the repair shop to plant the beer in the truck. Defendant was further alleged to have reported the false safety violation so it would appear on plaintiffs'

pre-employment screening reports, making it difficult for them to find future employment.

The court in *Embiata* did not expressly dismiss plaintiff's claim for intentional infliction of emotional distress because the alleged *facts* were insufficient, but rather "because plaintiffs do not allege that defendant's conduct was extreme and outrageous." *Embiata*, 574 F. Supp. 2d at 919. Even if this was meant to be its implicit holding, this court finds that intentionally and knowingly publishing false information in a national database for the sole purpose of harming that person is the type of conduct that a reasonable jury could find to be extreme and outrageous. Again, whether plaintiff will be able to *prove* this conduct is a separate issue and one the court cannot determine at this time.

*Third*, the defendant challenges Sheikh's allegation that he suffered an "extreme disabling emotional response" to Grant Regional's conduct. Plaintiff alleges that the reports made to the NPDB have made it virtually impossible for him to find new employment, causing him to suffer severe emotional distress. (Second Am. Compl. (dkt. #49) ¶ 46.) Defendant argues that these injuries do not rise to the severity of harm required for these claims.

"Extreme disabling response" has been defined by courts as requiring the plaintiff to "demonstrate that he was unable to function in his other relationships because of the emotional distress caused by defendant's conduct. Temporary discomfort cannot be the basis of recovery." *Alsteen*, 21 Wis. 2d at 360-61, 124 N.W.2d at 318. Taking plaintiff's allegations as true, a reasonable jury could certainly find a person has suffered "an

extreme disabling response" as a result of having false and disparaging information published about them on a national database and being precluded by that information from obtaining future employment in their chosen profession, particularly if years were spent in qualifying one's self for that work. Defendants take plaintiffs as they find them in tort law. *Richman v. Sheahan*, 512 F.3d 876, 884 (7th Cir. 2008) ("The tortfeasor takes his victim as he finds him."); *see also Colla v. Mandella*, 1 Wis.2d 594, 600, 85 N.W.2d 345, 349 (1957) ("The negligent actor may be liable for harm to another although a physical condition of the other which is neither known nor should be known to the actor makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct." (internal citation omitted)).

While some doctors may have shaken off a health center's alleged conduct, others, potentially including Sheikh, would not *necessarily* experience only temporary discomfort and may well be unable to function in other relationships as a result, or at least a jury could reasonably find. Plaintiff will obviously need evidence to support his claim of injury to survive a motion for summary judgment, but, at this point, he has pled sufficient facts to move forward with a claim of intentional infliction of emotional distress.

### B. Negligent Infliction of Emotional Distress

Plaintiff must prove three elements to maintain a claim for negligent infliction of emotional distress: (1) the defendant's conduct fell below the standard of care; (2) the plaintiff suffered an injury; and (3) the defendant's conduct was a cause in fact of the

plaintiff's injury. *Bowen v. Lumbermen's Mut. Cas. Co.*, 183 Wis. 2d 627, 632, 517 N.W.2d 432, 434 (1994). Courts have held that if the injury that the plaintiff claims to have suffered is not a physical manifestation, then the plaintiff must prove that he suffered severe emotional distress. *Id.* at 653, 517 N.W.2d at 443. This is the only element of plaintiff's negligent infliction of emotional distress claim that defendant challenges in its motion to dismiss. (Def.'s Opening Br. (dkt. #51) 11-13.)

Defendant analyzed this element together with the "extreme disabling emotional response" element of plaintiff's intentional infliction claim and has given this court no other reason to find that plaintiff fails to state a claim for severe emotional distress. Since the court has already found plaintiff sufficiently pled an "extreme disabling emotional response" at this stage for purposes of an intentional infliction of emotional distress claim, the court necessarily finds he has sufficiently pled "severe emotional distress" for his related cause of action for negligence.

Accordingly, the court will deny defendant's partial motion to dismiss plaintiff's intentional infliction of emotional distress and negligent infliction of emotional distress claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

ORDER

IT IS ORDERED that:

1) defendant Grant Regional Health Center's partial motion to dismiss (dkt. #50) is DENIED;

2) plaintiff's appeal of Magistrate Judge Crocker's order on plaintiff's motion to reconsider (dkt. #63) is DENIED;

3) Brian Mahany, Jason Canfield, and Mahany & Ertl's motion to withdraw as plaintiff's counsel and for extension of calendar dates (dkt. #75) is GRANTED IN PART as to withdrawal AND DENIED IN PART as to extension of calendar dates except as specifically described below; and

4) Plaintiff's motion for extension of time on all relevant dates due to a family emergency is GRANTED IN PART AND DENIED IN PART as follows: plaintiff's opposition to defendant's motion for summary judgment is due on or before July 16, 2012; defendant's response is due on or before July 26, 2012. **The rest of the dates in the amended pretrial conference order (dkt. #48) remain in place. No further extension of summary judgment briefing will be granted.**

Entered this 20th day of June, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge