IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BASHIR SHEIKH, M.D.,

                           Plaintiff,                      OPINION AND ORDER

    v.

                                                                11-cv-1-wmc

GRANT REGIONAL HEALTH CENTER,

                           Defendant.

---

      In this lawsuit alleging employment discrimination among other claims, the court granted summary judgment to defendant Grant Regional Health Center ("GRHC") on all of plaintiff Bashir Sheikh's federal law claims, while declining to exercise supplemental jurisdiction over Sheikh's remaining state law claims and GRHC's state law counterclaim. (Dkt. #119.) After dismissing those claims without prejudice, the case was closed and judgment was entered on July 3, 2013. (Dkt. #120.) On July 25, 2013, Sheikh filed two motions: (1) a motion for reconsideration of the court's order on defendant's motion for summary judgment (dkt. #121); and (2) a motion to continue jurisdiction over the state law claims, asserting for the first time that those claims are properly before the court under this court's diversity jurisdiction, 28 U.S.C. § 1332(a) (dkt. #122).

      For the reasons that follow, the court will deny Sheikh's motion for reconsideration, but will grant his motion to continue jurisdiction over the state law claims, upon a proper showing that diversity of the parties existed at the time Sheikh filed his original complaint. Upon that showing, the court will revisit defendant's motion for summary judgment, which also sought dismissal of Sheikh's state law claims and

judgment in its favor on its breach of contract counterclaim. After issuing that opinion, the court will set a trial date and remaining applicable deadlines as necessary.

OPINION

I. Motion for Reconsideration

In the first motion, Sheikh seeks reconsideration of the court's opinion and order granting summary judgment to GRHC on Sheikh's employment discrimination claims. Sheikh contends that (1) the court did not consider his affidavit or his response to defendant's proposed findings of facts; and (2) the order is "based on some material facts, which are either utterly inaccurate or genuinely disputed." (Mot. to Reconsider (dkt. #121).) Related to the first basis, plaintiff further contends that his September 24, 2012, motion for clarification seeking an order allowing him to file an opposition to defendant's proposed findings of facts (dkt. #105) is still under advisement.

Since Sheikh's motion was filed within 28 days of the entry of judgment, the court will treat it as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). "[A] Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995); *see also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment." *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 729 (7th Cir. 1999) (quotation marks and citation omitted).

2

As for Sheikh's first argument, the court explained in its summary judgment opinion that it considered Sheikh's own proposed findings to be his response to defendant's proposed findings, even though Sheikh's filing was not in compliance with this court's standing order on summary judgment.  (7/2/13 Op. & Order (dkt. #119) 2 n.2.) This relief mooted Sheikh's request to file a further, formal response to defendant's proposed findings.  To the extent Sheikh was seeking an opportunity to supplement his summary judgment opposition -- or is seeking that relief now -- the court had already extended the deadline for plaintiff's response to summary judgment and warned Sheikh that "**[n]o further extension of summary judgment briefing will be granted**." (6/20/12 Op. & Order (dkt. #82) 12 (emphasis in original).)  Any arguable error in the court's decision to limit further delay by plaintiff was certainly not a manifest error of law.  Even if a further response had been allowed, Sheikh neither proffers -- nor even argues that he would have come forth with -- new evidence of discriminatory animus, which is what ultimately doomed his federal claims at summary judgment.

Sheikh's second argument -- that the court's summary judgment opinion rests on disputed facts -- fares no better.  The court interpreted the facts in Sheikh's favor and still found that he failed to put forth sufficient evidence for a reasonable jury to find a discriminatory reason for GRHC's actions.  Moreover, Sheikh's conclusory statement that the opinion rests on "utterly inaccurate or genuinely disputed" facts again fails to identify with any precision a manifest error of fact.  As such, the court finds no basis to reconsider this decision or otherwise alter or amend its grant of summary judgment on plaintiff's federal law claims.

**II. Motion to Continue Jurisdiction over State Law Claims under Diversity Jurisdiction**

Consistent with the well-established law of this circuit, after dismissing the federal question claims for which this court has original jurisdiction, the court declined to exercise supplemental jurisdiction over (and dismissed without prejudice) both Sheikh's state law claims and GRHC's state law counterclaim. (7/2/13 Op. & Order (dkt. #119) 21.) Now, Sheikh asserts that this decision was in error because the court also had diversity jurisdiction over those claims. In support, Sheikh notes that he "resides in the state of Illinois," and that defendant "has its princip[al] place of business in the state of Wisconsin." (Dkt. #122.)

Neither the initial *pro se* complaint, amended complaint, nor second amended complaint (filed by counsel) assert diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Rather, all complaints allege that the court has jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and that the court should exercise supplemental jurisdiction pursuant to § 1367 over the state law claims. (Compl. (dkt. #1) p.2 (asserting federal question jurisdiction); Am. Compl. (dkt. #13) p.2 (same); 2d Am. Compl. (dkt. #49) ¶ 3 (citing to 28 U.S.C. § 1331 and § 1367).)

Still, plaintiff had no obvious need to assert diversity jurisdiction until the court dismissed his federal law claims and declined to exercise supplemental jurisdiction over the state law claims. Moreover, defendant GRHC has since filed a letter in response to Sheikh's motion stating that it "takes no position." (Def.'s Resp. (dkt. #123).) At the time of filing, diversity either existed between the parties or it did not. Accordingly, in the interests of justice and judicial economy, the court is willing to take up the parties'

4

state law claims based on diversity jurisdiction. To do so, however, Sheikh must properly allege that diversity between the parties existed on January 3, 2011, the date he filed the original complaint. See *Grupo Dataflux v. Atlas Global Grp., L.P.* 541 U.S. 567, 570 (2004) ("[J]urisdiction of the court depends upon the state of things at the time of the action brought.").[1] This is not simply a formality: plaintiff must have a good faith basis *in fact* to plead that defendant and he were "citizens of different states" at the time he filed this lawsuit. 28 U.S.C. § 1332(a)(1).

Strictly speaking, for an individual, like himself, Sheikh must allege his *domicile* as of January 3, 2011, rather than his residence at that time. See *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile."). A person's domicile is "the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). As such, a person may have several residences, but only one domicile. For a corporation, like defendant GRHC, Sheikh must allege its place of incorporation and its principal place of business at that time. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business.").

Accordingly, plaintiff shall file and serve on or before October 21, 2013, a signed pleading, attesting in good faith to the necessary facts described above. Defendant may

---

[1] The complaint contains sufficient allegations to establish that the jurisdiction amount of $75,000 is met.

have ten days from service to file and serve a short answer attesting in good faith to the accuracy of this pleading. Assuming diversity jurisdiction existed at the time this lawsuit was initiated, the court will then (1) reopen this case, (2) amend the judgment with respect to the state law claims, and (3) revisit defendant's motion for summary judgment on all state law claims. Depending on the outcome of that motion, the court will reschedule a trial date and establish pretrial deadlines as necessary and appropriate.

OPINION

IT IS ORDERED that:

1) Plaintiff Bashir Sheikh's motion to reconsider (dkt. #121) is DENIED; and

2) The court RESERVES ruling on plaintiff's motion to continue jurisdiction over state claims under diversity jurisdiction (dkt. #122) pending submissions by the parties as set forth above.

Entered this 9th day of October, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge